# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2441

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Shane Jay Fleetwood, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: March 1, 2012

_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Shane Fleetwood appeals from the sentence imposed by the District Court[1] after Fleetwood pleaded guilty to one count of interstate transportation of a minor with intent to engage in criminal sexual activity. We affirm.

From February 5–7, 2010, forty-year-old Fleetwood took the fifteen-year-old victim from Missouri to Kansas and engaged in criminal sexual activity with her three times during the trip. After the trip, he had sexual intercourse with her at least two

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

or three additional times. At sentencing, the District Court increased Fleetwood's base-offense level by five, having determined that Fleetwood "engaged in a pattern of activity involving prohibited sexual conduct." U.S. Sentencing Guidelines Manual § 4B1.5(b)(1). The total offense level of thirty-nine resulted in an advisory Guidelines range of 292 to 365 months' imprisonment. The District Court varied downward and sentenced Fleetwood to 220 months.

On appeal, Fleetwood argues that the five-level enhancement under § 4B1.5(b)(1) should not apply because "there is only one alleged victim and . . . only one [interstate] trip," although he and the victim engaged in sexual intercourse on three occasions during that trip. Br. of Appellant at 7. He contends that by applying the enhancement, the District Court failed to properly calculate the advisory Guidelines range, resulting in procedural sentencing error. We review the District Court's factual findings for clear error and its application of the Guidelines de novo. United States v. Gant, 663 F.3d 1023, 1029 (8th Cir. 2011).

In the Guidelines commentary, note 4(B)(i) to § 4B1.5 instructs that the "pattern" required for application of the enhancement is established "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." The facts here support the application of § 4B1.5 to Fleetwood. On at least five separate occasions, Fleetwood had sexual intercourse with the minor victim. Fleetwood maintains that the three instances of prohibited sexual conduct during the road trip are "not sufficient to show a repeated pattern of activity." Br. of Appellant at 8. We disagree. The commentary informs us that an "occasion" on which the defendant engaged in prohibited conduct can be considered for purposes of § 4B1.5(b)(1) "without regard to whether the occasion . . . occurred during the course of the instant offense." U.S. Sentencing Guidelines Manual § 4B1.5 cmt. n.4(B)(ii)(I). In any event, the District Court also noted that the prohibited sexual conduct between Fleetwood and the minor continued after they returned to Missouri from the road trip. Fleetwood challenges this finding because "the details of such are

not particularly known and Appellant has never been charged for such conduct," and he argues that the government did not prove the conduct "beyond a preponderance of the evidence." Br. of Appellant at 8. But there is no requirement that the "occasions" of prohibited sexual conduct result in criminal charges or conviction for that conduct. See U.S. Sentencing Guidelines Manual § 4B1.5 cmt. n.4(B)(ii)(II). The District Court's findings were based on the sworn testimony of the minor victim, which she gave on the first day of Fleetwood's trial, before he decided to plead guilty. The findings are not clearly erroneous. If Fleetwood is arguing that these "occasions" must have occurred during an interstate trip to count, there is no such requirement in the Guidelines or the application notes.

Finally, if Fleetwood is suggesting that the government was required to show that he engaged in prohibited sexual activity with more than one minor for § 4B1.5(b)(1) to apply, the plain language of the application note—"on at least two separate occasions . . . with *a* minor"—says otherwise. Id. § 4B1.5 cmt. n.4(B)(i) (emphasis added). Moreover, were there any doubt that this language means what it says, we would be persuaded by the 2003 amendment to the application notes. Previously, the note did require "at least two separate occasions" *and* "at least two minor victims" to establish a pattern under § 4B1.5(b)(1). Id. app. C (vol. II) amend. 649 (2003). But the note was "directly amended" by Congress, effective April 30, 2003, to read "a minor" instead of "two minor victims." Id.

The District Court did not commit procedural error in calculating Fleetwood's Guidelines sentencing range by applying § 4B1.5(b)(1) to increase his base-offense level. The sentence is affirmed.

_____