# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1006
_____

Shane Jay Fleetwood

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: October 15, 2015
Filed: October 21, 2015
[Unpublished]
_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Shane Fleetwood is serving a 220-month prison sentence imposed after he pleaded guilty to a charge of interstate transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a). Following his unsuccessful direct appeal, see United States v. Fleetwood, 457 F. App'x 591 (8th Cir. 2012) (per curiam),

Fleetwood filed this 28 U.S.C. § 2255 motion. The District Court[1] conducted an evidentiary hearing on one of the claims—that Fleetwood received ineffective assistance of counsel during the plea bargaining process. The court denied the claim based on the hearing testimony but granted a certificate of appealability on the issue. We have reviewed the District Court's legal conclusions de novo and the court's factual findings for clear error, and we affirm for the reasons that follow. See Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004) (standard of review).

On appeal, Fleetwood challenges the District Court's finding that pretrial counsel conveyed the government's 120-month plea offer to Fleetwood and urged him to accept the offer. Significantly, the court's finding was based on its conclusion that counsel's hearing testimony was more credible than Fleetwood's hearing testimony, and we find no basis to disturb the court's credibility finding. See Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000) ("We accord deference to the district court's credibility determinations."). We therefore agree with the District Court that counsel's performance was not deficient. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) (discussing counsel's duty to communicate plea offers).

Fleetwood asks us to expand the certificate of appealability to include review of his claim that counsel should have been present during Fleetwood's presentence interview. We find no reason to expand the scope of the certificate. See Dodd v. United States, 614 F.3d 512, 518 (8th Cir. 2010) (noting that our review is limited to the issues identified in the certificate of appealability); United States v. King, 559 F.3d 810, 813–14 (8th Cir.) (stating there is no constitutional right to counsel during a presentence interview), cert. denied, 558 U.S. 863 (2009).

We affirm the judgment of the District Court.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.