# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1621

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Orville Dean Myers, | * | District of Nebraska. |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 12, 2010
Filed: March 16, 2010

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Orville Dean Myers pled guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court[1] sentenced him to 24 months imprisonment. Myers appeals his sentence, arguing that the court engaged in impermissible double-counting by using a prior felony conviction to calculate his base offense level and the criminal history category under the Sentencing Guidelines. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

# I.

In May 2000, Myers pled guilty to sexually assaulting a nine-year-old girl in Colorado in 1996. In July, he was sentenced to probation, but in December his probation was revoked, and he was sentenced to eight years incarceration. Released in December 2007, he was notified of his duty to register as a sex offender. Myers did not register in Colorado. In January 2008, he moved to Nebraska and also did not register. In December 2008, Myers pled guilty to failing to register as a sex offender under 18 U.S.C. § 2250(a).

As for the base offense level under § 2A3.5, the district court calculated it at level 16, because Myers was required to register as a Tier III offender. (Myers does not contest that he is a Tier III offender.) A Tier III offender is one previously convicted of a sex offense punishable by more than a year in prison, and involving a victim under the age of 13. **U.S.S.G. § 2A3.5 App. Note 1**; **42 U.S.C. § 16911(4)**.

As for the criminal history category under § 4A1.1, three points were assessed for Myers's conviction for sexually assaulting the nine-year-old in Colorado because it was a "prior sentence of imprisonment exceeding one year and one month." **U.S.S.G. § 4A1.1(a)**. An additional two points were assessed because his instant offense of failing to register as a sex offender was committed less than two years after release from prison. **U.S.S.G. § 4A1.1(e)**. With an additional two points added for a prior conviction for violation of a restraining order, Myers's seven criminal history points put him in category IV. His Guideline range was 24 to 30 months, and he was sentenced to 24 months. Myers argues that the district court impermissibly double-counted his conviction for sexually assaulting a nine-year-old by including it in both his base offense level and the criminal history category.

## II.

This court reviews "de novo whether the district court's application of the sentencing guidelines amounts to impermissible double counting." *United States v. Peck*, 496 F.3d 885, 890 (8th Cir. 2007). "Double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997) (quotations omitted); *United States v. Donelson*, 450 F.3d 768, 774 (8th Cir. 2006). Even if the court finds double-counting, it is permissible where "(1) the [Sentencing] Commission intended the result and (2) each statutory section concerns conceptually separate notions related to sentencing." *Hipenbecker*, 115 F.3d at 583.

## A.

In determining Myers's sentence for failing to register as a sex offender, one part of the Guidelines, § 2A3.5(a)(1), was applied to increase his base offense level on account of the nature of the predicate felony of sexually assaulting a nine-year-old. This felony was also accounted for by application of another part of the Guidelines, § 4A1.1, in Myers's criminal history points. The question is whether the harm of his prior conviction was *fully* accounted for in one of the two Guidelines. This court concludes it was not, and therefore, no double-counting occurred.

The offense level for failing to register as a sex offender is based on the nature of the sexual conduct in the prior conviction. The apparent rationale is that the seriousness of not registering is increased by the severity of the underlying sex offense. Myers's offense level for failing to register was higher because the victim in his prior conviction was under 13 years old.

On the other hand, the criminal history is not based on the nature of the prior conviction (age of the victim), but based solely on the length of incarceration and the conviction's recency. The harm of his prior conviction was not fully accounted for by either Guideline alone, so no double-counting occurred. *See United States v. Phillips*, 506 F.3d 685, 688 (8th Cir. 2007) (The "base offense level and criminal history provisions address conceptually separate sentencing notions. One addresses the gravity of the particular offense. The other addresses the need to deter future criminal activity by this defendant.").

**B.**

Even if double-counting occurred in this case, it was permissible because the Commission intended the result, and the offense level and criminal history sections address different concerns. The General Application Principles in the Sentencing Guidelines instruct a sentencing court to determine the base offense level independently of the criminal history category. **U.S.S.G. § 1B1.1**. The Application Notes further clarify: "Absent an instruction to the contrary," enhancements to the base offense level and determinations of the criminal history guidelines "are to be applied cumulatively." **U.S.S.G. § 1B1.1 App. Note 4(B)**. Myers points to application notes in other Guidelines, which specifically say that a predicate conviction can be used to calculate both the base offense level and the criminal history category. *See* **U.S.S.G. § 2A6.2 App. Note 3** (stalking or domestic violence); **§ 2K1.3 App. Note 9** (receipt, possession, or transportation of explosives); **§ 2K2.1 App. Note 10** (felon in possession of a firearm); **§ 2L1.1 App. Note 4** (smuggling, transporting, or harboring unlawful alien); **§ 2L1.2 App. Note 6** (illegal re-entry following felony conviction); **§ 2L2.1 App. Note 4** (trafficking in false immigration documents); **§ 2L2.2 App. Note 2** (fraudulently acquiring or using false immigration documents).

Myers argues that because the Application Notes to § 2A3.5 do not also specifically say that his predicate sexual assault can be used in both calculations, the

-4-

Commission did not intend that result. This interpretation turns the application instructions upside down. The application principles state that "absent an instruction to the contrary," the sentencing court must calculate the base offense level and criminal history cumulatively. Therefore, because the Commission did not instruct to the contrary in either § 2A3.5 or § 4A1.1, its intent was for the base offense level and criminal history to be applied cumulatively to Myers. The fact that other Guidelines expressly state that a predicate felony can be used for both calculations does not require a different application here. *See **United States v. Thomas***, 930 F.2d 12, 14 (8th Cir. 1991) (stating that where the Guidelines do not contain a specific exception to the application of an enhancement, the Commission intends for that enhancement to apply). *See also **United States v. Kenney***, 283 F.3d 934, 938 (8th Cir. 2002) ("[T]he Commission intended to include enhancements for every applicable aspect of the criminal conduct, to be added together cumulatively, *unless the Guidelines themselves direct otherwise.*") (emphasis added); **United States v. Wyckoff**, 918 F.2d 925, 927 (11th Cir. 1990) (before the application note to § 2K2.1 was amended to specifically permit it, holding no impermissible double-counting by using predicate felony in calculation of base offense level and criminal history); **United States v. Hawkins**, 69 F.3d 11, 14 (5th Cir. 1995) ("Double counting is prohibited only if the particular guidelines at issue specifically forbid it."). Therefore, the Commission intended for Myers's predicate sexual assault to be used to calculate both his base offense level and the criminal history category.

Finally, as discussed, the base offense level and criminal history calculations address different sentencing goals. *See, e.g., **United States v. Saffeels***, 39 F.3d 833, 836 (8th Cir. 1994) ("[W]hile the base offense inquiry reflects the seriousness of the offense, the criminal history score assesses the offender and the need to deter him from further criminal activity."); **United States v. Alessandroni**, 982 F.2d 419, 423 (10th Cir. 1992); **Wyckoff**, 918 F.2d at 927.

Myers contends that § 4A1.1 excludes his prior sentence from the criminal history calculation because it was for conduct that is part of his offense of failing to register. He cites Application Note 1 to § 4A1.2, which defines a "prior sentence" as "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." **U.S.S.G. § 4A1.2 App. Note 1**. "Conduct that is part of the instant offense" means "relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." *Id.* U.S.S.G. § 1B1.3(a)(2) defines "relevant conduct" to include acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." Relevant conduct also includes "offense conduct associated with a previously imposed sentence [that is] expressly charged in the offense of conviction." **U.S.S.G. § 1B1.3 App. Note 8**.

Myers's act of sexually assaulting a child in 1996 in Colorado is not "part of the same course of conduct or common scheme or plan" as his act of failing to register as a sex offender in 2008 in Nebraska. Myers's indictment charges his status as a person required to register as a sex offender; it does not charge his conduct of sexual assault. Therefore, his prior sexual assault is not relevant conduct to his failure to register, and his prior sentence is not for conduct that is part of the instant offense. *See Alessandroni*, 982 F.2d at 421 (holding it is not the conduct of committing a prior felony that is an element of being a felon in possession of a firearm, rather it is the status of being a convicted felon).

## III.

The judgment of the district court is affirmed.

_____