**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Steven Lynn MOUTON, Defendant–**
**Appellant.**

**No. 10–50308**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Karl Anthony Basile, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Following a jury trial, Steven Lynn Mouton was convicted of producing child

* Pursuant to 5TH CIR. R. 47.5, the court has      determined that this opinion should not be

pornography, in violation of 18 U.S.C. § 2251(a), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to 360 months on the § 2251(a) count and to 120 months on the § 2252(a)(4)(B) count, to be served concurrently.

Mouton appeals his § 2251(a) conviction, urging that the statute as applied to him is an unconstitutional extension of the Commerce Clause because the intrastate, noncommercial production of child pornography, when the images produced were neither transmitted or intended to be transmitted, does not affect interstate commerce and therefore falls outside of Congress's regulatory authority. In related arguments, Mouton urges that the district court erred in failing to instruct the jury that the Government was required to prove that the visual images in his case were actually transmitted or produced with the intent to transmit them and that the evidence was insufficient to sustain his conviction because the Government failed to prove the same.

Mouton's constitutional challenge to § 2251(a) is without merit. *See United States v. Kallestad,* 236 F.3d 225, 231–33 (5th Cir.2000); *see also United States v. Ferguson,* 560 F.3d 1060, 1064 (9th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 286, 175 L.Ed.2d 191 (2009); *United States v. Blum,* 534 F.3d 608, 609–612 (7th Cir. 2008); *United States v. Sullivan,* 451 F.3d 884, 890–92 (D.C.Cir.2006); *United States v. Maxwell,* 446 F.3d 1210, 1216–19 (11th Cir.2006); *United States v. Mugan,* 441 F.3d 622, 628–30 (8th Cir.2006); *United States v. Forrest,* 429 F.3d 73, 78 (4th Cir.2005); *United States v. Jeronimo-Bautista,* 425 F.3d 1266, 1272–73 (10th Cir.2005); *United States v. Morales–de Je-*

*sus,* 372 F.3d 6, 10–11 (1st Cir.2004); *United States v. Holston,* 343 F.3d 83, 88–90 (2nd Cir.2003). His related challenges to the district court's jury charge and the sufficiency of the evidence are therefore similarly unavailing.

Mouton also challenges the sentence he received, asserting that it was improperly calculated under the Guidelines. Mouton first contends that the application of a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A) and a four-level enhancement under § 2G2.1(b)(4) constituted impermissible double counting.

We review the district court's interpretation and application of the Guidelines de novo. *United States v. Gonzalez,* 445 F.3d 815, 817 (5th Cir.2006). In view of the definitions of "sexual act" and "sexual contact" applicable under § 2G2.1(b)(2)(A), we disagree with Mouton's assertion that where § 2G2.1(b)(2)(A) applies, an enhancement under § 2G2.1(b)(4) constitutes double counting if both enhancements are based on the same act. *See* § 2G2.1, comment (n.2); *United States v. Lyckman,* 235 F.3d 234, 240 (5th Cir.2000). Further, "[d]ouble counting is prohibited only if the particular guidelines at issue specifically forbid it." *United States v. Hawkins,* 69 F.3d 11, 14 (5th Cir.1995). Mouton has not pointed to any guideline provision that forbids application of both a two-level enhancement under § 2G2.1(b)(2)(A) and a four-level enhancement under § 2G2.1(b)(4).

Mouton next contends that the district court erred in failing to award him credit for acceptance of responsibility, pursuant to § 3E1.1. We reviews the district court's determination of acceptance of responsibility with even more deference than under a

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

R. 47.5.4.

clearly erroneous standard and will affirm the district court's decision unless it is without foundation. *United States v. Angeles–Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); § 3E1.1, comment. (n.5); *United States v. Washington*, 340 F.3d 222, 227 (5th Cir.2003).

Mouton asserts that he is entitled to the reduction because he admitted his guilt to the agents who first interviewed him and because he offered to plead guilty to count two of the indictment, which offer was not accepted. He contends that he proceeded to trial in an effort to pursue his Commerce Clause challenge to count one and that he should not be penalized for pursuing this purely legal theory. Mouton urges that he additionally accepted responsibility by not calling the victim to testify at trial, which he asserts he did in an effort to avoid causing her any further harm.

Mouton has not shown that the district court's decision to deny him the sentencing reduction was without foundation. *See Washington*, 340 F.3d at 227. He did not stipulate to the Government's evidence at trial and did not otherwise admit his factual guilt. *See id.* at 229–30. As the district court noted, had Mouton wished only to pursue his constitutional claim, he could have done so by entering a guilty plea to both counts and reserving the right to appeal on that basis.

Moreover, Mouton's assertion that he admitted his guilt at the time of his arrest is misleading. Trial testimony shows that he initially denied any knowledge of the incriminating photo of the victim in this case to both state and federal agents, suggested that the victim had taken the photo of herself or that it had been planted on his computer by the probation officer, and admitted his guilt only after agents confronted him with irrefutable evidence of that the image was taken with his camera.

Even after admitting his involvement, however, Mouton attempted to mitigate his conduct by stating, contrary to the evidence, that he had sexually abused the victim on only one occasion. Further, Mouton has never expressed remorse, describing his relationship with the victim instead as misunderstood and beautiful. Acceptance of responsibility was thus properly denied. *See* § 3E1.1(a); *United States v. Beard*, 913 F.2d 193, 199 (5th Cir.1990).

The district court's judgment is AFFIRMED.