# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1540

_____

United States of America,

        Plaintiff – Appellee,

v.

Joshua Louderback,

        Defendant – Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 14, 2011
Filed: November 25, 2011

_____

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

Following his guilty plea to sexual exploitation of minors in violation of 18 U.S.C. § 2252, Joshua Louderback was sentenced by the district court[1] to thirty-three months' imprisonment and three years' supervised release. Shortly after commencing his term of supervised release on January 2, 2009, Louderback accessed child pornography while he was an inmate at a federal half-way house. On December 4, 2009, the district court revoked Louderback's supervised release and imposed a new term of thirty-six months' supervision, with ten days of intermittent custody over five

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

consecutive weekends. On May 13, 2010, Louderback's probation officer filed a petition for offender under supervision alleging Louderback again violated the terms of his supervised release by possessing child pornography. As a result of the same incident, Louderback was indicted in federal court in a separate case with receiving and possessing child pornography.

On March 1, 2011, Louderback pleaded guilty to the indictment and was sentenced by the district court to 180 months' imprisonment and lifetime supervised release. Immediately thereafter, in this case, he admitted to violating the terms of his supervised release by possessing child pornography, and the district court revoked his supervised release. Despite the Guidelines range of 6 to 12 months' imprisonment, the district court sentenced Louderback to 24 months' imprisonment, to run consecutive to the 180-month sentence imposed by the district court in the earlier criminal proceeding. On appeal, Louderback argues the court abused its discretion by imposing an unreasonable sentence on the revocation of supervised release.

We review the substantive reasonableness of Louderback's sentence under the same deferential abuse-of-discretion standard applicable to initial sentencing proceedings. United States v. Young, 640 F.3d 846, 848 (8th Cir. 2011). "A district court's decision to impose a consecutive or concurrent sentence is also reviewed for reasonableness, similar to an abuse of discretion standard." United States v. Benton, 627 F.3d 1051, 1055-56 (8th Cir. 2010) (internal citation omitted). "'A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Shakal, 644 F.3d 642, 645 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Louderback contends the district court abused its discretion by imposing a consecutive, rather than a concurrent, sentence to the 180-month term of imprisonment he received for the same conduct. He argues his Guidelines range in the separate criminal case was enhanced based on that offense occurring while on supervised release, and for receiving a second offense enhancement, and the court failed to account for these factors when fashioning the twenty-four month sentence in this case.

After careful review of the record, we conclude the district court did not abuse its discretion. Despite acknowledging Louderback's "laudable efforts at rehabilitation," the district court concluded the seriousness of his repeated supervised release violations demonstrated a need for the chosen sentence. The court also stated it selected the sentence to promote respect for the law and provide just punishment and deterrence. Finally, Louderback presented the district court with his arguments with respect to the overlap between the instant sentence and the 180-month sentence, but the court rejected this argument. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (noting we presume the district court considered and rejected the defendant's arguments after they were presented at sentencing). Because the sentence was within the statutory limit, and the district court discussed the relevant § 3553(a) factors, we cannot say the district court abused its discretion. See Benton, 627 F.3d at 1056 (rejecting a reasonableness challenge where "[t]he sentences were within statutory limits, and the district court gave consideration to the appropriate factors, sufficiently explained its reasoning, and acted well within its broad discretion in formulating [the defendant's] sentence.") (internal citation omitted); United States v. Kreitinger, 576 F.3d 500, 505 (8th Cir. 2009) ("The court adequately explained its reasoning, and its decision to impose consecutive sentences was not unreasonable given [the defendant's] recidivist tendencies.").

We affirm.

_____