# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1851

_____

United States of America

*Plaintiff - Appellee*

v.

Elpidio Paz-Camarena

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2013
Filed: December 19, 2013
[Unpublished]

_____

Before SHEPHERD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Elpidio Paz-Camarena appeals his fifty-one month sentence following his plea of guilty to illegal reentry subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Authorities and immigration officials discovered Paz-Camarena when he was arrested in June 2012 for assault in Kansas City,

Missouri. The presentence investigation report, accepted by the district court[1] without objection from Paz-Camarena, recommended a forty-one to fifty-one month United States Sentencing Guidelines range. The district court noted the Guidelines range, discussed the factors set forth in 18 U.S.C. § 3553(a), and focused specifically on Paz-Camarena's relatively short sentence for the prior felony conviction for attempted statutory rape. The district court ultimately sentenced Paz-Camarena to the top of the range, fifty-one months. Paz-Camarena argues on appeal that this sentence was substantively unreasonable because it is greater than necessary to satisfy the statutory goals of sentencing. He also argues that the district court procedurally erred by not articulating an explanation of the fifty-one month sentence.

We have reviewed the record and find the district court did not abuse its considerable discretion in sentencing Paz-Camarena to the presumptively reasonable within-range sentence of fifty-one months. See United States v. Pappas, 715 F.3d 225, 229-30 (8th Cir. 2013) (standard of review, presumption). Further, as Paz-Camarena did not object to the district court's alleged procedural error, we review for plain error and find no error, plain or otherwise. See United States v. Hoffman, 707 F.3d 929, 937 (8th Cir. 2013) (plain error standard of review). In fact, the district court articulated a rather extensive explanation of its reason for arriving at the fifty-one month sentence. Accordingly, we affirm.

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.