# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2441

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Boyd Conklin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 16, 2013
Filed: June 2, 2014
[Unpublished]

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Anthony Conklin possessed a large child pornography collection. Additionally, he engaged in sexually explicit behavior with two minors. Undeterred by police seizure of his computer, he continued to collect child pornography. Conklin pleaded guilty to one count of receiving and distributing child pornography, in violation of

18 U.S.C. § 2252(a)(2). The district court[1] sentenced him to the statutory maximum of 240 months' imprisonment, followed by a ten-year term of supervised release. Conklin challenges his sentence as substantively unreasonable. For the reasons stated below, we affirm.

## I. *Background*

In 2011, law enforcement officials seized and searched Conklin's computers. The search disclosed a child pornography collection consisting of thousands of images and hundreds of videos and involving minors ranging in age from three to seventeen years old. Conklin admitted to possessing the prohibited images and videos.

In addition to accumulating a large child pornography collection, Conklin chatted with a twelve-year-old girl and recorded web camera footage of the child engaging in sexual conduct on at least three occasions. On another occasion, he took screen captures of a thirteen-year-old girl engaged in sexual conduct.

After the seizure of the computers in 2011, but before completion of a forensic analysis of their contents, Conklin acquired two new computers to replace those that were initially seized by law enforcement. He continued to view and download child pornography. He was arrested in 2012 and again admitted to his criminal behavior. Law enforcement attributed more than 8,000 images and 900 videos of child pornography to Conklin.

The government filed a two-count indictment against Conklin, charging him with Receiving and Distributing Child Pornography, in violation of 18 U.S.C.

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

§ 2252(a)(2) ("Count I"), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) ("Count II"). Conklin pleaded guilty to Count I. In exchange for Conklin's plea, the government dismissed Count II.

The statutory sentencing range for Count I is five to twenty years' imprisonment, followed by a term of supervised release of five years to life imprisonment. 18 U.S.C. § 2252(b)(1). The district court calculated a Guidelines range of 292 to 365 months' imprisonment based on an offense level of 40 and a criminal history category of I. Because the 240 months statutory maximum falls below that range, the Guidelines range became 240 months. The district court then sentenced Conklin to 240 months' imprisonment, followed by ten years of supervised release.

## II. *Discussion*

"We review the substantive reasonableness of [Conklin]'s sentence for abuse of discretion. We must first ensure that the district court committed no significant procedural error. If no significant procedural error is found, we then consider the totality of the circumstances in determining if an abuse of discretion occurred. A sentence within the advisory guidelines range is presumptively reasonable on appeal."

*United States v. Pappas*, 715 F.3d 225, 229–30 (8th Cir. 2013) (internal citations and quotation omitted).

Conklin raises two principal arguments on appeal, neither of which we find persuasive. First, he contends that the child pornography he produced was merely "incidental to [his] overall criminal conduct" and therefore should not have triggered the U.S.S.G. § 2G2.1 cross-reference for the production of child pornography. Rather, he argues, his real crime was the downloading of vast amounts of child pornography. Second, he avers that he does not pose a danger to the public in general or to minor females in particular. Conklin admits to being addicted to child pornography. He

believes the appropriate sentence should focus on treatment, not "incapacitation to protect minor females."

Conklin's first argument—that production represents such a small portion of his conduct that § 2G2.1 should not have applied—is an inaccurate characterization of the facts and without authority. Simply put, the supposed incidental nature of his sexually explicit recordings of two adolescent girls in relation to his prodigious pornography collection does not diminish its seriousness. Conklin essentially contends that he was much more interested in possessing child pornography than producing it. This fact, however, does not mitigate the heinousness of the production. His conduct exceeded mere possession and appropriately received greater punishment. The district court did not err in invoking the Guidelines cross-reference.

Conklin's second argument—that he is an addict requiring treatment, and not a predator requiring incapacitation—is equally unpersuasive. Although he may be an addict, his failure to control his behavior also makes him a criminal. Nor does his status as an addict persuade us that the district court erred in its sentencing decision.

Conklin raises a number of other objections to his sentence. We have considered them and find them meritless as well. Conklin received the statutory maximum, which was more than four years *below* the Guidelines recommendation. Taking into account the characteristics of the crime and the offender, we hold that Conklin's sentence is not substantively unreasonable.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____