# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1844
_____

United States of America

*Plaintiff - Appellee*

v.

Davin Griffin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: November 10, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Davin Griffin appeals his sentence of 188 months following his guilty plea to possession with intent to distribute 28 grams or more of cocaine base, in violation of

21 U.S.C. § 841. The district court,[1] consistent with the recommendation in the Presentence Investigation Report, sentenced Griffin as a career offender, to the bottom of his advisory guidelines range, which was 188 to 235 months. Griffin did not contest that the career offender provisions applied to him, but argued in favor of a downward variance pursuant to the 18 U.S.C. § 3553(a) factors. In support of his variance argument, Griffin cited the age of his qualifying convictions, both of which happened in the mid-1980s when he was twenty; added that it was simply unlucky that he was not sentenced for these prior two convictions on the same day (rendering them a single qualifying conviction pursuant to United States Sentencing Guidelines Manual § 4A1.2); and highlighted his recent assistance to law enforcement officers in identifying other drug dealers.

The district court considered these arguments and recognized its authority to vary downward, but declined to do so. Instead, the district court stated it would take these arguments into consideration when deciding where in the advisory range to sentence Griffin. With respect to the assistance Griffin had given law enforcement, the district court was perplexed that while Griffin continually assisted law enforcement, he also continued to re-offend by selling drugs. On appeal, Griffin alleges the sentence is substantively unreasonable, and argues that the district court did not adequately consider his arguments for a variance.

We review the substantive reasonableness of Griffin's sentence for an abuse of discretion. United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013). We must first ensure that the district court committed no significant procedural error, and then consider "the totality of the circumstances" in determining if an abuse of discretion occurred. Gall v. United States, 552 U.S. 38, 51 (2007). "A sentence within the

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

advisory guidelines range is presumptively reasonable on appeal." <u>Pappas</u>, 715 F.3d at 230.

We find that the district court did not abuse its discretion in imposing the presumptively reasonable 188-month sentence. Despite Griffin's arguments to the contrary, our review of the record indicates that the district court did consider each of Griffin's arguments for a variance, and in its discretion, decided not to vary downward. The fact that the district court did not explicitly address Griffin's argument that he could have been sentenced on the same day for the two prior offenses does not alter this conclusion. <u>See</u> <u>United States v. Gray</u>, 533 F.3d 942, 944 (8th Cir. 2008) ("[N]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge."). Accordingly, we affirm.

_____