# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-2772

———————————————

United States of America

*Plaintiff - Appellee*

v.

Bobby Gene Clark, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: February 9, 2015
Filed: March 17, 2015
[Published]

——————————

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

Bobby Gene Clark Jr. appeals the district court's[1] sentence of 276 months' imprisonment for his production of child pornography in violation of 18 U.S.C. § 2251(a) and (b). We affirm.

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

## I. *Background*

Clark filmed himself touching and attempting to penetrate the vagina and anus of a seven-year-old girl with his penis. The child reported Clark's conduct to local law enforcement authorities, and Clark ultimately pleaded guilty to producing child pornography in violation of 18 U.S.C. § 2251(a) and (b).

The revised presentence investigation report (PSR) recommended a two-level sentencing enhancement under U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved "sexual contact." The PSR also recommended a four-level sentencing enhancement under U.S.S.G. § 2G2.1(b)(4) because the offense involved "material that portrays sadistic or masochistic conduct." Clark objected on the grounds that applying both enhancements would constitute impermissible double counting—that is, "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997) (quotation and citation omitted). The district court disagreed, however, finding that "[u]nlike the enhancement for sadistic or violent conduct, the 'sexual contact' enhancement does not require penetration, nor even attempted penetration." Thus, the court found, "even though both guidelines apply to the same conduct in this case, there is no impermissible double counting."

The Guidelines' range for Clark's crime was 360 months to life imprisonment. The district court nevertheless sentenced Clark to only 276 months' imprisonment. In so doing, the court informed Clark that his sentence "would occur with or without" the Guidelines because the sentence Clark received was "about the offense, [the] victim and [his] prior history."

## II. *Discussion*

On appeal, Clark again argues that the application of enhancements under both §§ 2G2.1(b)(2)(A) and 2G2.1(b)(4) constitutes impermissible double counting. We review "de novo whether the district court's application of the sentencing guidelines

amounts to impermissible double counting." *United States v. Myers*, 598 F.3d 474, 475–76 (8th Cir. 2010) (quoting *United States v. Peck*, 496 F.3d 885, 890 (8th Cir. 2007)). "Double counting is prohibited only if the guidelines at issue specifically forbid it." *United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013) (citing *Myers*, 598 F.3d at 477; U.S.S.G. § 1B1.1 cmt. n.4(A)).

Section 2G2.1(b)(2)(A) provides a two-level enhancement for offenses involving "the commission of a sexual act or sexual contact." Such "sexual contact" includes "intentional touching, either directly or through clothing," of a person's "genitalia, anus, groin, breast, inner thigh, or buttocks." 18 U.S.C. § 2246(3); *see also* U.S.S.G. § 2G2.1(b)(2)(A) cmt. n.2 (adopting the definition of "sexual contact" in 18 U.S.C. § 2246(3)). Critically, neither penetration nor attempted penetration is necessary for the "sexual contact" to occur. *Id.* In contrast to § 2G2.1(b)(2)(A), § 2G2.1(b)(4) provides a four-level enhancement for offenses involving "material that portrays sadistic or masochistic conduct or other depictions of violence."

Although these sentencing enhancements may encompass similar conduct at times, the enhancements are plainly not redundant or duplicative. Indeed, in this case, they apply to wholly separate and distinct behavior: the enhancement for "sexual contact" applies to Clark's touching the child's vagina and anus; the enhancement for "material that portrays sadistic or masochistic conduct," however, applies to Clark's filming himself attempting to penetrate the child. *Pappas*, 715 F.3d at 228 ("'[I]mages involving . . . an adult male performing anal sex on a minor girl . . . are *per se* sadistic or violent.'" (quoting *United States v. Street*, 531 F.3d 703, 711 (8th Cir. 2008) (emphasis added)); *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004) (per curiam) ("[I]mages of an adult *attempting* [anal sex on a minor] are likewise 'sadistic' or 'violent' . . . ."). In other words, Clark did more than merely touch the child. The enhancement for "material that portrays sadistic or masochistic conduct" applies because he, in addition, filmed himself attempting to penetrate the child.

Clark cites no provision of the Guidelines that prohibits the application of enhancements under both §§ 2G2.1(b)(2)(A) and 2G2.1(b)(4), much less any provision or case that prohibits their application to the instant facts. To the contrary, "[s]everal courts have concluded that it is not impermissible double counting to apply both these enhancements based on [similar] conduct." *Pappas*, 715 F.3d at 229 (citing *United States v. Mouton*, 481 F. App'x 96, 97 (5th Cir. 2011); *United States v. McDade*, 399 F. App'x 520, 523 (11th Cir. 2010)).

Furthermore, even assuming arguendo that either of the enhancements were improperly recommended in the PSR, the court made clear that it would have issued the same sentence "with or without" the enhancements given "the offense, [the] victim and [Clark's] prior history." Any enhancement-related error was therefore harmless. *Pappas*, 715 F.3d at 230 ("Since the district court explicitly stated that it would have imposed a 480 month sentence regardless of the guidelines, any error in applying the guidelines would be harmless."); *United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009) ("Because the district court explicitly stated it would have imposed a sentence of 293 months imprisonment regardless of whether [the defendant] was a career offender, any error on the part of the district court is harmless and we affirm.").

## III. *Conclusion*
Accordingly, we affirm the district court's sentencing decision.

_____