# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3689

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Bise

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: July 22, 2015
Filed: July 27, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Randy Bise directly appeals the sentence imposed by the district court[1] after he pleaded guilty to two counts of producing child pornography, in violation of 18

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

U.S.C. § 2251(a). The district court sentenced Bise to 360 months in prison followed by 25 years of supervised release, which included a special condition limiting his internet access.

On appeal, counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was substantively unreasonable because the court erred in weighing the 18 U.S.C. § 3553(a) factors; and that the court erred in imposing the special supervised-release condition. We denied counsel's withdrawal motion and ordered supplemental briefing addressing whether the district court's application of a 2-level sentencing enhancement under U.S.S.G. §§ 3D1.2, 3D1.4 (grouping of offenses), and a 5-level enhancement under U.S.S.G. § 4B1.5(b) (increase for pattern of activity involving prohibited sexual conduct with a minor), resulted in impermissible double counting, as both enhancements appeared to be based on evidence that prohibited conduct occurred on two separate occasions with the same victim.

Upon reviewing the supplemental briefs, we conclude that application of both enhancements did not constitute impermissible double-counting. See United States v. Clark, 780 F.3d 896, 898 (8th Cir. 2015) (per curiam) (de novo review). Specifically, the district court properly declined to group the counts under section 3D1.2, see U.S.S.G. § 3D1.2, comment. (n.4) (provision authorizes grouping of offenses only when they represent one composite harm; for example, robberies of same victim on different occasions are not grouped); United States v. Kiel, 454 F.3d 819, 822 (8th Cir. 2006) (district court properly refused to group three counts of producing child pornography involving same victim under § 3D1.2, because defendant inflicted distinct harm each time he molested the victim), which resulted in a 2-level increase; and we find nothing in the Guidelines preventing use of the same conduct for the Chapter Four enhancement, see U.S.S.G. § 1B1.1, comment. (n.4(B)) (Guidelines Chapters Two, Three, and Four are to be applied cumulatively and, in some cases, may be triggered by same conduct); U.S.S.G. § 4B1.5(b)(1)

(offense level shall be 5 plus offense level determined under Chapters Two and Three); United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013) (double counting is prohibited only if Guidelines at issue specifically forbid it); United States v. Von Loh, 417 F.3d 710, 714-15 (7th Cir. 2005) (rejecting double-counting argument where district court did not group offenses under § 3D1.2 and applied 5-level increase under § 4B1.5(b) for same conduct, as process for determining base offense level under Chapters Two and Three is unrelated to process for calculating enhancements under Chapter Four).

As to the contentions in counsel's Anders brief, we conclude the district court's below-Guidelines sentence was not substantively unreasonable. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (under substantive review, district court abuses its discretion if it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors); United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (when district court varies downward from presumptively reasonable Guidelines recommendation, it is "nearly inconceivable" that court abused its discretion by not varying downward further). We review for plain error the challenge to the special supervised release condition, as Bise did not object to the condition at sentencing, see Fed. R. Crim. P. 52(b); United States v. Simons, 614 F.3d 475, 478 (8th Cir. 2010) (when defendant fails to object to supervised release condition at sentencing, review is for plain error), and we find no such error, see 18 U.S.C. § 3583(d) (condition must be reasonably related to certain § 3553(a) factors, involve no greater deprivation of liberty than reasonably necessary, and be consistent with Sentencing Commission policy statements); cf. U.S.S.G. § 5D1.3(d)(7)(B) (recommending special condition limiting use of computer or interactive computer service in sex offense case in which defendant used such items).

Finally, we conclude Bise's additional pro se assertion that the evidence against him may have been tainted by police misconduct fails, as he stipulated to the

government's factual basis during the plea hearing.  See United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) (valid guilty plea is admission of guilt that waives all non-jurisdictional defects and defenses).

The judgment is affirmed.

_____