# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1893

_____

United States of America

*Plaintiff - Appellee*

v.

Julian Rivera

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 19, 2017
Filed: January 23, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Julian Gambou Rivera pled guilty to sexually exploiting a minor and possessing child pornography. He appeals the district court's[1] sentence, arguing it

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

was substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Rivera's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and has moved to withdraw. In his supplemental brief, Rivera argues that his plea agreement was unfair because the conduct underlying a dismissed charge was used against him at sentencing; the court erred by improperly applying U.S.S.G. § 4B1.5(b)(1) and by failing to consider relevant mitigating factors; the prosecutor defamed him by stating at sentencing that he would not change and had a high likelihood of recidivism; and defense counsel was ineffective for failing to object to the section 4B1.5 increase.

This court finds that Rivera's argument that his plea agreement was not knowingly or voluntarily entered is not cognizable on direct appeal. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presented argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea). The district court did not err in applying the 5-level increase. *See* U.S.S.G. §§ 1B1.1, comment. (n.4B) (Guidelines Chapters Two, Three, and Four are to be applied cumulatively and, in some cases, may be triggered by same conduct), 4B1.5(b)(1) (offense level shall be 5 plus offense level determined under Chapters Two and Three); *United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013) (double-counting is prohibited only if Guidelines at issue specifically forbid it); *United States v. Olson*, 646 F.3d 569, 572 (8th Cir. 2011) (district court's construction and application of Guidelines are reviewed de novo). Rivera's ineffective-assistance claim fails, as counsel objected to the section 4B1.5 increase at sentencing. *See Weaver v. United States*, 793 F.3d 857, 860 (8th Cir. 2015) (to succeed on ineffective-assistance claim, movant must show counsel performed deficiently and deficient performance prejudiced defense); *United States v. Cook*, 356

F.3d 913, 919-20 (8th Cir. 2004) (ineffective-assistance claim may be addressed on direct appeal where record is fully developed).

This court also finds that the sentence was not substantively unreasonable, as the court imposed the within-Guidelines sentence after considering the 18 U.S.C. § 3553(a) factors. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable); *United States v. Miller*, 57 F.3d 910, 917 (8th Cir. 2009) (under substantive-reasonableness test, district court abuses its discretion if it fails to consider relevant § 3553(a) factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors). As to Rivera's assertion that the government defamed him, the government's argument properly related to the sentencing factors, and a criminal appeal is not the proper vehicle to raise a defamation claim. An independent review of the record reveals no non-frivolous issues for appeal. *See Penson v. Ohio*, 488 U.S. 75 (1988).

The judgment is affirmed and counsel's motion to withdraw is granted.

_____