# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2134

_____

United States of America

*Plaintiff - Appellee*

v.

Cyrano Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 13, 2020
Filed: March 2, 2020

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Cyrano Jones was arrested on June 5, 2018, and subsequently charged in a three-count indictment for his involvement in a large-scale crack cocaine trafficking operation in the St. Louis area. Jones eventually pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)

and (b)(1)(C) pursuant to the terms of a plea agreement. The district court[1] sentenced Jones to a term of 84 months' imprisonment.

In the plea agreement, Jones admitted to certain relevant facts, including his involvement in a controlled buy that took place on December 20, 2017, several months before his arrest. The plea agreement acknowledged that the controlled buy was relevant conduct for the purpose of sentencing. The parties also agreed to certain drug quantities that would be considered at sentencing, including the drugs seized during the controlled buy on December 20, 2017. In exchange for Jones' guilty plea, the government agreed to dismiss the remaining counts at sentencing.

The agreed upon drug quantities resulted in a base offense level of 24 under United States Sentencing Guidelines § 2D1.1. With a two-level enhancement for possession of a dangerous weapon, and a three-level reduction for acceptance of responsibility, the total offense level was 23. At the time of the December 2017 controlled buy, Jones was on supervised release for a 2005 conviction in the Eastern District of Missouri for conspiracy to possess with intent to distribute heroin and crack cocaine. Because Jones committed the instant offense "while under a criminal justice sentence" for another case, two points were added to his criminal history score under USSG § 4A1.1(d), resulting in placement in Criminal History Category V. Offense level 23 and Criminal History Category V resulted in an advisory guidelines range of 84 to 105 months.

Jones filed an objection to the guidelines calculation, specifically challenging the additional two points added to his criminal history score, on the ground that the offense conduct occurred several months after his supervised release had expired. The government, relying on the plea agreement, argued that because the parties had

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

stipulated that the December 20, 2017, controlled buy was relevant conduct and Jones' supervised release did not expire until April 9, 2018, the two points were properly added. The district court agreed and overruled the objection. The court imposed a low-end of the guidelines range sentence of 84 months. Jones appealed.

Jones recognizes that the plea agreement covered relevant conduct that occurred on December 20, 2017, but he argues that double-counting occurred when the guidelines calculation included both the drugs seized on that date and a consideration of his supervised release status. According to Jones, he was "twice penalized for the same conduct."

We review *de novo* whether a district court's application of the sentencing guidelines resulted in impermissible double-counting. United States v. Clark, 780 F.3d 896, 898 (8th Cir. 2015) (per curiam). Double-counting occurs in a sentencing guidelines calculation "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Id. at 897 (quoting United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)). "Double counting is prohibited only if the guidelines at issue specifically forbid it." United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013).

A sentencing guidelines calculation involves two sub-calculations: the offense level, which is an assessment of the seriousness of the underlying offense, and the criminal history score, which considers the history of the defendant and the need for deterrence. See United States v. Myers, 598 F.3d 474, 477 (8th Cir. 2010) ("[T]he base offense level and criminal history calculations address different sentencing goals."). By considering the December 2017 drug quantity under USSG § 2D1.1, while also considering Jones' December 2017 supervised release status under USSG § 4A1.1(d), the district court did not penalize Jones twice for the same conduct.

Rather, the district court evaluated, on the one hand, the seriousness of the offense and, on the other hand, Jones' criminal history.  Accordingly, we affirm.

_____