# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2626

_____

United States of America

*Plaintiff - Appellee*

v.

Levi Shelby Roe

*Defendant - Appellant*

_____

No. 20-2627

_____

United States of America

*Plaintiff - Appellee*

v.

Levi Shelby Roe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: June 18, 2021
Filed: August 16, 2021

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Levi S. Roe pled guilty to possessing a firearm as a felon, and admitted violating his supervised release. In a consolidated sentencing, the district court[1] imposed consecutive sentences of 120 months for the firearm conviction and 36 months for the supervised-release violation, totaling 156 months. Roe appeals both sentences. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2009, Roe was convicted of drug conspiracy. In 2018, while on supervised release for that conviction, he assaulted a man. When police arrested him, they found a loaded Star, .22 caliber, semi-automatic pistol and .22 caliber ammunition.

In one of the two cases on appeal (20-2626), he pled guilty to possessing the firearm. *See* **18 U.S.C. §§ 922(g)(1), 924(a)(2)**. In the other case on appeal (20-2627), he admitted violating his supervised release. *See also* **18 U.S.C. § 3583(g)(2)** ("If the defendant possesses a firearm . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment . . . .").

Roe argues that the district court "double-counted" by considering the firearm-possession twice—once for the firearm sentence and again for the supervised-release sentence.

This court reviews sentences under a deferential abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); *United States v. DeMarrias*, 895 F.3d 570, 572-73 (8th Cir. 2018) (reviewing for abuse of discretion a sentence imposed upon revocation of supervised release). This court "review[s] a district court's decision to impose a consecutive or concurrent sentence for reasonableness." *United States v. Kreitinger*, 576 F.3d 500, 504 (8th Cir. 2009).

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

The parties both state that the standard of review is abuse of discretion and reasonableness, but this court reviews *de novo* "whether a district court's application of the sentencing guidelines resulted in impermissible double-counting." ***United States v. Jones***, 951 F.3d 918, 919 (8th Cir. 2020).

Double counting occurs "when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." ***United States v. Bryant***, 913 F.3d 783, 787 (8th Cir. 2019). The district court did not double count here.[2] The firearm sentence and the supervised-release sentence "penalize distinct aspects of [Roe's] conduct and distinct harms." *See* ***United States v. Waldner***, 580 F.3d 699, 707 (8th Cir. 2009), *quoting* ***United States v. Smith***, 516 F.3d 473, 476 (6th Cir. 2008). The firearm sentence penalizes Roe for being a felon in possession of a firearm. The supervised-release sentence penalizes him for violating his supervised release. *See* ***Jones***, 951 F.3d at 919-20 (rejecting defendant's argument that "double-counting occurred when the guidelines calculation included both the drugs seized . . . and a consideration of his supervised release status" because the sentence penalized him separately for offense level and criminal history); ***United States v. Louderback***, 447 Fed. Appx. 754, 755-56 (8th Cir. 2011) (per curiam) (unpublished) (no abuse of discretion in considering a violation of supervised release in both the sentence for the underlying offense and the sentence for violating supervised release).

Regardless, the supervised-release sentence did not rest solely on the firearm offense—he separately assaulted someone. *See* ***United States v. Moore***, 281 F.3d 1279, 2001 WL 1692476, at *3 (5th Cir. 2001) (unpublished table opinion) (no double counting where "there is no evidence that the revocation turned on the

---

[2]Double-counting concerns may not be implicated at all when a defendant receives two separate sentences. *Cf.* ***United States v. Canamore***, 916 F.3d 718, 720-21 (8th Cir. 2019) (per curiam) (addressing whether it was proper to apply overlapping Guidelines provisions in determining the sentence for a single felon-in-possession conviction). Because this point was not briefed or argued, this court need not address it.

conduct underlying [the defendant's] federal conviction" because defendant had "violated his probation numerous times").

The Sentencing Guidelines instruct courts to do what the district court did here: (1) add criminal history points because Roe committed the firearm offense while on supervised release; and (2) sentence him consecutively for the firearm offense and the revocation. *See* **U.S.S.G. § 4A1.1(d)** (instructing courts to add criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including . . . supervised release"); **§ 7B1.3(f)** ("Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from conduct that is the basis of the revocation of . . . supervised release."); *cf.* **United States v. Woodard**, 675 F.3d 1147, 1152-53 (8th Cir. 2012) (no abuse of discretion where district court ordered consecutive terms of imprisonment for supervised-release violation and contempt-of-court conviction).

\* \* \* \* \* \* \*

The judgments are affirmed.

_____