NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1883

_____

UNITED STATES OF AMERICA

v.

JARON BURNETT,
                        Appellant.


_____

On Appeal of a Decision of the United States District Court
for the District of New Jersey ( No. 07-cr-00427)
District Judge: Renee Marie Bumb

_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 16, 2010

Before: SLOVITER and HARDIMAN, *Circuit Judges*,
and POLLAK, *District Judge*.*

(Filed: April 27, 2010)

_____

OPINION

_____

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

## I.

Defendant-appellant Jaron Burnett pled guilty in the United States District Court for the District of New Jersey to a one-count information charging him with transporting an individual in interstate commerce for the purpose of engaging in prostitution in violation of 18 U.S.C. § 2421. The district court exercised jurisdiction over the matter pursuant to 18 U.S.C. § 3231. On March 17, 2009, the district court sentenced Burnett to 105 months' imprisonment, fifteen years of supervised release, and payment of a $1,500 fine. Burnett timely filed a notice of appeal on March 26, 2009, and his counsel subsequently filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Although we conclude that counsel has not fulfilled the *Anders* brief requirements described in Third Circuit Local Appellate Rule 109.2(a), we find that there are no non-frivolous issues on appeal. Accordingly, we will grant counsel's motion to withdraw and affirm Burnett's judgment of sentence.

## II.

Because we write primarily for the parties, who are familiar with the factual context and legal history of this case, we discuss only those facts necessary to our decision. On October 10, 2008, after entering into a plea agreement with the government,

Burnett pled guilty to one count of "knowingly transport[ing] an[] individual in interstate . . . commerce . . . with intent that such individual engage in prostitution." 18 U.S.C. § 2421. The pre-sentence report submitted by the United States Probation Office found that Burnett's base offense level was 24, but recommended applying two two-level enhancements. The first enhancement was recommended on the basis that the offense involved a commercial sex act, while the second enhancement was recommended pursuant to § 2G1.3(b)(3)(B) of the United States Sentencing Guidelines ("the Guidelines"), which provides for an upward adjustment "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with [a] minor."

At sentencing, the district court heard testimony both from Burnett and from Federal Bureau of Investigation Special Agent Daniel Garrabrant. Garrabrant testified that he had interviewed a seventeen-year-old minor identified as A.M. A.M. told Garrabrant that, after meeting Burnett in Yonkers, New York, she "worked as a prostitute for him" in both New York City and Atlantic City, and that Burnett posted photographs of her on the website craigslist. According to Garrabrant, analysis of Burnett's computer revealed that Burnett had accessed craigslist and had received replies to one or more postings regarding A.M., including responses that temporally "matche[d] weekends in which [A.M.] would have been in Atlantic City." Burnett, meanwhile, admitted to posting pictures of A.M. accompanied by his phone number on craigslist and to receiving

3

responses to those postings by e-mail and telephone.  He stated, however, that he used only the New York City craigslist site, not the South Jersey site, because he found the latter "too broad" in geographic terms.

The district court concluded both that (1) Burnett's testimony did not contradict Garrabrant's view that the dates of the responses to the craigslists postings corresponded to the times A.M. was in Atlantic City, and (2) the text of § 2G1.3(b)(3)(B), as elaborated by an application note, covered Burnett's conduct.  Accordingly, the district court applied a two-level enhancement pursuant to § 2G1.3(b)(3)(B).  It did, however, determine that the government had not met its burden of proving that the adjustment for a commercial sex act applies.

After the application of a three-level reduction for acceptance of responsibility, the resulting Guidelines range for Burnett's sentence was 84 to 105 months in prison.  Following an extended consideration of various sentencing factors, Judge Bumb sentenced Burnett to the upper end of that range – 105 months in prison – followed by fifteen years of supervised release.

### III.

If a criminal defendant wishes to appeal, but counsel, after a thorough review of the record, cannot find any appealable issue, counsel may file what is known as an *Anders* brief.  Local Appellate Rule 109.2(a) reflects this court's implementation of *Anders*:

> Where, upon review of the district court record, trial counsel is persuaded
> that the appeal presents no issue of even arguable merit, trial counsel may

file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

In assessing an *Anders* brief, we therefore must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We first examine whether counsel fulfilled the requirements of Rule 109.2(a). As Rule 109.2(a) reflects, "[t]he duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Youla*, 241 F.3d at 300. When a defendant pleads guilty, only three arguments remain open for appeal: A defendant may challenge (1) the district court's jurisdiction to convict and sentence the defendant, (2) the validity or voluntariness of the plea, and (3) the legality of the sentence imposed. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

In his *Anders* brief, Roland Jarvis, Burnett's trial and appellate counsel, only addresses the third of these three issues. More seriously, the *Anders* brief fails to discuss the propriety of the § 2G1.3(b)(3)(B) enhancement, even though (1) the district court

5

considered that issue at length, (2) Jarvis himself argued that the enhancement should not apply, and (3) § 2G1.3(b)(3)(B) forms the sole basis for Burnett's *pro se* brief on appeal. Because counsel overlooked this key issue, we are not convinced that he has "thoroughly examined the record in search of appealable issues." *Youla*, 241 F.3d at 300.[1]

Nevertheless, we will grant counsel's motion to withdraw and affirm the judgment of sentence imposed by the district court, because the "frivolousness [of the appeal] is patent." *United States v. Marvin*, 211 F.3d 778, 782 (3d Cir. 2000). The district court's jurisdiction over this matter was unquestionable, and after an independent review of the record we are convinced that Burnett voluntarily and knowingly pled guilty to the information. In particular, we note that although the plea agreement – and the district court at the change-of-plea hearing – incorrectly stated that Burnett would only receive up to three years of supervised release instead of the statutorily-mandated period of between five years and life, the district court corrected this error at sentencing and ensured that it did not alter Burnett's intention to plead guilty. We also conclude that the district court adequately considered the factors set forth in 18 U.S.C. § 3553(a) in sentencing Burnett and that the sentence, while lengthy, is substantively reasonable.

Finally, we consider the two challenges in Burnett's *pro se* brief to the application

---

[1] Counsel's failure to discuss this issue may result from the fact that Burnett entered into a plea agreement containing a waiver of appeal. It appears from the record that the waiver may not cover this appeal, however, and even if counsel believes otherwise, that belief should be reflected in the *Anders* brief.

of § 2G1.3(b)(3)(B).  First, Burnett argues that the district court erred in concluding that his craigslist postings were related to A.M.'s trips to Atlantic City.  We review this factual determination for clear error, *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009), and find none.  The district court correctly concluded that Burnett never contradicted Garrabrant's testimony that the dates discussed in responses to the craigslist postings matched the dates A.M. traveled to New Jersey with Burnett.  Thus, regardless of whether Burnett only made postings related to A.M. on the New York City craigslist site, the district court had sufficient evidence from which to conclude that "the offense involved the use of a computer . . . to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with [A.M.]."  U.S.S.G. § 2G1.3(b)(3)(B).

Second, Burnett argues that the two-level enhancement does not apply because, according to Application Note 4 to § 2G1.3, "[s]ubsection (b)(3) is intended to apply only to the use of a computer . . . to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor."  Although Burnett asserts that no such direct communication took place, we find it inarguable that, at the time he made the craigslist postings, Burnett exercised a type of "supervisory control" over A.M.  Certainly, the individuals who responded to the postings must have believed so, *see United States v. Vance*, 494 F.3d 985, 997 (11th Cir. 2007), and Burnett's testimony that A.M. "took off on" him during their second trip to Atlantic City indicates that he, too, viewed himself as in supervisory control of the minor.  Accordingly, we conclude that §

2G1.3(b)(3)(B) properly applies to Burnett, because he personally communicated by computer with the individuals he enticed to have sex with A.M.[2]

Having found no issue of arguable merit, we will grant counsel's motion to withdraw and affirm Burnett's judgment of sentence.

---

[2] *United States v. Patterson*, 576 F.3d 431 (7th Cir. 2009), is not to the contrary. In *Patterson*, the government conceded – and the Seventh Circuit agreed – that § 2G1.3(b)(3) does not apply where the electronic communications were between prospective johns and a different minor who acted as a prostitute for a third party. *Id.* at 443. In that situation, neither the minor in question nor anyone in supervisory control of the minor was involved in the relevant communications.