**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4668**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

CALVIN WINBUSH, a/k/a Good Game,

 Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:12-cr-00021-HEH-1)

Submitted: March 21, 2013          Decided:  May 24, 2013

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Sirianni, Jr., BROWNSTONE LAW FIRM, PA, Winter Park,
Florida, for Appellant.   Neil H. MacBride, United States
Attorney, Jamie L. Mickelson, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Winbush pled guilty to conspiracy to transport a minor across state lines for prostitution, 18 U.S.C.A. § 2423(e) (West Supp. 2012) (Count One), and interstate transportation of a minor for prostitution, 18 U.S.C.A. § 2423(a) (West Supp. 2012), 18 U.S.C. § 2 (2006) (Count Two). He received an above-Guidelines sentence of 168 months' imprisonment. Winbush appeals his sentence, contending that the district court (1) erred in applying an enhancement for use of a computer, U.S. Sentencing Guidelines Manual § 2G1.3(b)(3)(B) (2011), and (2) failed to explain adequately its reasons for varying upward from criminal history category II to category III. We affirm.

In Cleveland, Ohio, one of Winbush's prostitutes, Sonora Armstrong, recruited a fifteen-year-old girl to work for Winbush. The girl had been living on the streets and dancing at an after-hours club. Armstrong took pictures of her and posted them on backpage.com, an internet site where Winbush's prostitutes advertised their services. Winbush, Armstrong, the minor, and another prostitute later traveled to Richmond, Virginia, for the purpose of engaging in prostitution. Armstrong posted additional pictures of the minor on the internet site and the minor had sexual encounters with three customers in Richmond.

2

At the sentencing hearing, the district court applied, over Winbush's objection, a two-level increase for use of a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor under USSG § 2G1.3 (b)(3)(B). Winbush argued that the commentary to § 2G1.3 did not provide clear guidance on how the enhancement should be applied and that the plain language of the Guidelines did not apply in his case.

Section 2G1.3(b)(3) states:

If the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, [sic] the minor to engage in prohibited sexual conduct; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor, increase by 2 levels.

Application Note 4 to § 2G1.3 states:

Subsection (b)(3) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement in subsection (b)(3) would not apply to the use of a computer or an interactive computer service to obtain airline tickets for the minor from an airline's Internet site.

The district court first decided that Application Note 4 was inconsistent with the language of § 2G1.3(b)(3)(B). The court held that the enhancement applied in Winbush's case

3

because Armstrong, working in concert with Winbush, used a computer to advertise the minor on the internet and solicit customers for her. The court held that such conduct fell squarely within the ambit of § 2G1.3(b)(3)(B).

Winbush's total offense level was thirty-one. He was in criminal history category II and his advisory Guidelines range was 121-151 months. Before determining Winbush's sentence, the district court reviewed his criminal history, which included assault, drug and firearm offenses, and aggravated menacing. However, the court noted Winbush had received very lenient sentences for most of his convictions. With respect to the minor, the court observed that "her station in life at the time of recruitment made her extremely vulnerable, and it was compounded by the defendant's recruitment of her and placing her into the mainstream of prostitution within his operation."

The court explained its decision to sentence Winbush above the Guidelines range as a variance in light of the 18 U.S.C. § 3553(a) (2006) factors, despite structuring it as an increase from criminal history category II to category III. The court stated that –

> [A]n upward variance to Total Offense Level 31, Criminal History Category III is appropriate to reflect the nature and circumstances of the offense, the defendant's past criminal history which

4

demonstrates a continuing pattern of criminal violations not adequately represented by the defendant's present criminal history, his demonstrated lack of respect of the law, and to deter future exploitation of minors for the purpose of prostitution.

On appeal, Winbush first challenges the computer-use enhancement. As he did before the district court, Winbush relies on Application Note 4 for the proposition that the enhancement applies only when a computer is used to communicate directly with the minor or the minor's custodian. Winbush also argues that the enhancement is inapplicable because customers who responded to the ads Armstrong posted used a telephone rather than a computer to contact the minor. In support of his argument, Winbush relies on United States v. Patterson, 576 F.3d 431, 443 (7th Cir. 2009), which found the enhancement inapplicable where internet ads for the defendant's minor prostitute were posted by another minor who was working for a different pimp.

We conclude that Patterson is distinguishable from this case because both Winbush and Armstrong exercised supervisory control over the minor and Armstrong advertised her services on the internet. More importantly, we agree with the district court that the facts of this case fall squarely within the plain language of the Guideline. Under § 2G1.3(b)(3)(B), the focus is on the use of a computer by the defendant or his

agent to entice persons to engage in prohibited sexual conduct with the minor. Application Note 4, however, appears to address only the situation posited in § 2G1.3(b)(3)(A), where the defendant uses a computer to contact the minor or her custodian in order to entice the minor into prohibited sexual conduct. Several decisions that address the quite different "pimp scenario" in subsection (b)(3)(B) have found the enhancement applicable. United States v. Burnett, 377 F. App'x 248, 252 (3rd Cir. 2010)(defendant personally communicated by computer with individuals he enticed to have sex with the minor); United States v. Vance, 494 F.3d 985, 997 (11th Cir. 2007) (defendant used computer to direct undercover agent to provide underage girls). We agree with the reasoning of these decisions, and conclude that the district court did not err in applying the enhancement.

Next, Winbush argues that the district court failed to explain adequately its reasons for imposing a sentence above the Guidelines range. This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied,

6

133 S. Ct. 274 (2012). In reviewing any variance, the appellate court must give due deference to the sentencing court's decision because it "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364, 366 (4th Cir.) (citing Gall, 552 U.S. at 56), cert. denied, 131 S. Ct. 2946 (2011); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted).

Here, the court reviewed Winbush's criminal history, the nature and circumstances of the offense, and the need to prevent Winbush from further exploiting minors. We conclude that the district court adequately explained its reasons for the upward variance by providing an individualized assessment based on the facts of Winbush's offense and his criminal record. Therefore, the district court did not abuse its discretion by imposing a sentence of 168 months.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED