# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1393

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Lynnell Gibson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 23, 2016
Filed: October 21, 2016
[Published]

_____

Before WOLLMAN, BRIGHT, and KELLY, Circuit Judges.

_____

PER CURIAM.

Gregory Gibson pleaded guilty to sex trafficking of a child. In calculating the advisory Guidelines range, the district court[1] applied a two-level enhancement under

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

United States Sentencing Guidelines Manual (U.S.S.G.) § 2G1.3(b)(3)(B) after determining Gibson used a computer to solicit customers to engage in prohibited sexual conduct with a minor, and a five-level enhancement under U.S.S.G. § 4B1.5(b) after determining Gibson engaged in a pattern of activity involving prohibited sexual conduct. Gibson received a sentence of 144 months of imprisonment, then filed this appeal arguing the district court erred in applying both enhancements. We affirm.

I

On January 29, 2014, law enforcement officers received a tip indicating a sixteen-year-old girl was being held as a prostitute at a hotel in Springdale, Arkansas. The ensuing investigation confirmed the presence of the girl at the hotel; it also revealed Gibson had placed several advertisements on Backpage.com soliciting men to engage in sexual conduct with the minor, representing her in some ads to be nineteen years old and offering "100$ specials." One of the ads featured a picture of a girl engaged in sexually explicit conduct. In an interview with the police, the girl denied she was the person pictured in the ad, but acknowledged she had been engaging in prostitution under Gibson's direction at the hotel since January 24, had at least eight different "customers," and had engaged in sexual acts with at least three of the men. She further explained how Gibson had recruited her to participate in the prostitution even though he knew she was only sixteen. Investigators also discovered a video on Gibson's cell phone showing him engaged in both oral and vaginal sex with the girl.

A federal grand jury indicted Gibson with one count of sexual exploitation of a minor for the purpose of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), one count of sex trafficking of a child in violation of 18 U.S.C. §§ 1591(a) and (b)(2), and one count of possessing material involving the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B). Gibson agreed to plead guilty to the charge of sex trafficking.

Prior to sentencing, a probation officer completed a Presentence Investigation Report (PSR). In relevant part, the PSR recommended a two-level enhancement because Gibson had used a computer to solicit customers to engage in sexual conduct with a minor by placing ads on Backpage.com. See U.S.S.G. § 2G1.3(b)(3)(B) ("If the offense involved the use of a computer or an interactive computer service to . . . solicit a person to engage in prohibited sexual conduct with the minor, increase by **2** levels."). The PSR also concluded a five-level enhancement applied to Gibson for engaging in a pattern of activity involving prohibited sexual conduct because he had committed a covered sex crime but was not subject to the Guideline's Career Offender provisions. See U.S.S.G. § 4B1.5(b) (providing for a five-level increase "in any case in which the defendant's instant offense conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct"); see also id. cmt. n.(4)(B)(I) (indicating a defendant "engage[s] in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor").

Gibson objected to both enhancements. The district court overruled the objections, adopted the PSR's recommendations, and calculated Gibson's advisory Guidelines range at 235-293 months. After granting a departure and variance not relevant to this appeal, the district court sentenced Gibson to 144 months of imprisonment. This timely appeal followed.

II

We apply de novo review to any legal conclusions the district court reached in applying an enhancement, and review for clear error any factual findings supporting an enhancement. United States v. Dixon, 822 F.3d 464, 465 (8th Cir. 2016).

Gibson first argues the district court erred by applying a two-level enhancement under § 2G1.3(b)(3)(B). Gibson does not deny he used a computer to post ads on Backpage.com in order to solicit customers – conduct expressly covered by the guideline – but contends the commentary to the guideline limits the enhancement to using a computer to communicate directly with a minor. In relevant part, the commentary states as follows:

> Subsection (b)(3) is intended to apply *only* to the use of a computer or an interactive computer service to *communicate directly with a minor* or with a person who exercises custody, care, or supervisory control of the minor. Accordingly, the enhancement in subsection (b)(3) would not apply to the use of a computer or an interactive computer service to obtain airline tickets for the minor from an airline's Internet site.

U.S.S.G. § 2G1.3(b)(3) cmt. n.4 (emphasis added).

Subsection (b)(3), however, has two subparts. Subpart (A) discusses the use of a computer as it relates directly to a minor (or a minor's caretaker), the subject addressed in Application Note 4. See id. § 2G1.3(b)(3)(A) (discussing the use of a computer to . . . "persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct"). Subpart (B) discusses the use of a computer as it relates to third parties *other than* the minor (or a minor's caretaker), a subject on which Application Note 4 is silent. See id. § 2G1.3(b)(3)(B) (discussing the use of a computer to . . . "entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor"). But because Note 4 refers to all of "Subsection (b)(3)," not just "(b)(3)(A)," and purports to limit the entire subsection to direct communications with a minor (or a minor's caretaker), Gibson argues the two-level enhancement does not apply to his conduct even though the guideline itself refers to the use of a computer to "solicit a person to engage in prohibited sexual conduct with the minor." U.S.S.G. § 2G1.3(b)(3)(B).

When there is a conflict between a guideline and the commentary, it is the guideline that controls and not vice versa. See Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with . . . that guideline.").

Other circuits have confronted this precise issue, and have held Note 4 is inconsistent with subpart (b)(3)(B) and therefore does not apply to that portion of the guideline. See United States v. Hill, 783 F.3d 842, 846 (11th Cir. 2015) ("Because the application note is inconsistent with the plain language of U.S.S.G. § 2G1.3(b)(3)(B), the plain language of the guideline controls."); United States v. Cramer, 777 F.3d 597, 606 (2d Cir. 2015); United States v. McMillian, 777 F.3d 444, 450 (7th Cir. 2015); United States v. Pringler, 765 F.3d 445, 454 (5th Cir. 2014); United States v. Winbush, 524 F. App'x 914, 916 (4th Cir. 2013). These courts reason that Note 4 is a drafting error intended to apply only to subpart (b)(3)(A), and cannot mean what it says with respect to subpart (b)(3)(B) because it "would render Subsection 3(B) inoperable in all but a narrow subset of cases under only one of the numerous criminal statutes the Guideline covers." Pringler, 765 F.3d at 454.

We join these other circuits in holding that Note 4 is inconsistent with the guideline itself. Because § 2G1.3(b)(3)(B) itself expressly covers Gibson's conduct, the district court did not err in applying the two-level enhancement.

Gibson next argues the district court erred by applying a five-level enhancement under § 4B1.5(b). He contends the two separate occasions the guideline requires to constitute a "pattern of activity" should not include activity involved in his instant offense of conviction for sex trafficking, i.e., the multiple occasions he posted ads on Backpage.com, the multiple occasions the minor engaged in prohibited sexual conduct at his direction, his production of a sexually explicit video of the minor, or his own sexual contact with the victim. This argument is foreclosed by our precedent. See United States v. Rojas, 520 F.3d 876, 883 (8th Cir. 2008) ("We now

hold that subsection (b) [of § 4B1.5] may apply where there is no prior sex offense conviction and the only 'pattern of . . . conduct' is conduct involved in the present offense of conviction"); see also United States v. Wells, 648 F.3d 671, 675 (8th Cir. 2011) ("[O]ne panel of this Court is not at liberty to overrule an opinion filed by another panel.").

III

We affirm the district court.

_____