# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1227

———————————————

United States of America

*Plaintiff - Appellee*

v.

Richard William Melanson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Rapid City

——————————

Submitted: October 17, 2016
Filed: October 28, 2016
[Unpublished]

——————————

Before RILEY, Chief Judge, WOLLMAN and BENTON, Circuit Judges.

——————————

PER CURIAM.

Richard William Melanson pleaded guilty to travel with intent to engage in illicit sexual contact, in violation of 18 U.S.C. § 2423(b). He appeals from the 360-

month sentence of imprisonment and lifetime supervised release imposed by the district court,[1] arguing that the sentence is substantively unreasonable. We affirm.[2]

Melanson was serving a ten-year sentence imposed in January 2012 by a South Dakota state court judge on a charge of possessing, manufacturing, and distributing child pornography. It was discovered during the investigation of that charge that Melanson had made three trips to Guatemala between 2007 and 2010.

The evidence introduced at the federal sentencing hearing established that Melanson had engaged in sexual contact with three under-age boys during his trips to Guatemala. The evidence also established that Melanson had whipped one of the victims with a belt.

Melanson testified at length about his trips to Guatemala and his interactions with the victims. He acknowledged that during his 2008 trip he had paid one of the victims and an of-age boy money to submit themselves to being beaten with a belt and to being touched in a sexual manner. He testified that he met with another of the victims during his 2010 trip, who indicated that everything that Melanson proposed to do with him "was okay."

The district court questioned Melanson about the seventeen-minute video that he had made that showed him beating one of the victims with a belt. Melanson acknowledged that the video showed the victim convulse and recoil in pain with each strike of the belt, only to have Melanson push the victim's head back down so that he was completely prone on the bed. Melanson also acknowledged that on one of the

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

[2]Electing to decide the appeal on its merits, we deny the government's objected-to motion to dismiss the appeal based upon Melanson's appeal waiver.

beating occasions the victim appeared to be biting down on a blanket in anticipation of the next strike of the belt. Melanson also acknowledged that after the beatings he would have the victims stand up against the wall so that Melanson could take still photos of the red striations across their buttocks. The video also showed the minor victim performing oral sex on Melanson following one of the beatings. Finally, Melanson acknowledged that he had agreed in his factual basis statement that his travels to Guatemala were for the purpose of engaging in illicit sex with minors.

After considering the parties' positions regarding the calculations of the appropriate sentencing guidelines range, the district court determined that Melanson's total offense level was 43 and his criminal history category was II, resulting in a guidelines range of life imprisonment. Because the statutorily authorized thirty-year maximum sentence provided by 18 U.S.C. § 2423(b) was less than the minimum of the applicable guideline range, the guideline term of imprisonment was 360 months. U.S. Sentencing Guidelines Manual § 5G1.1(a).

After hearing Melanson's expression of remorse for his conduct, his need for therapy, and his plea for leniency, the district court heard testimony from the two victims who had traveled from Guatemala, in which they described the adverse impacts that Melanson's conduct was having in their lives, including loss of self-esteem and feelings of shame and of fear of being found out by others.

Pointing to the fact that Melanson was 53 years of age, defense counsel requested a sentence of ten years' imprisonment and five years of supervised release. He stated that Melanson's expert witness's psychosexual evaluation in the state criminal proceedings placed Melanson in the lower half of offenders. He also argued that a thirty-year sentence would result in too great a disparity with the twenty-five-year sentence that the district court had recently imposed in a pornography possession case.

The district court rejected defense counsel's disparity argument, pointing out the differences in the two cases. It stated that it had found the report regarding Melanson's psychosexual evaluation to be "the least helpful evaluation I have seen from [the expert]." The district court then discussed at length that Congress had enacted the statute to protect minors from the predatory behavior of sexual tourists with the intention of making it clear that such conduct carries with it serious consequences. It pointed to Melanson's repeated travel to a country in which he knew there were teenagers who were desperate for money and who yearned for the material possessions displayed by visiting tourists. The court described Melanson as a highly intelligent, high-functioning individual whose behavior focused on the target group of vulnerable young males, upon one of whom he had inflicted extraordinary pain and whom he had photographed for his sexual gratification. It noted the need to protect the public, both in this country and in the international community, from the conduct that Melanson had engaged in.

The district court concluded by recognizing that Melanson was capable of benefitting from sex offender treatment, saying that it would recommend that he be placed in a prison facility that provided such treatment. It stated further that "Prison is punishment; that's what it is. Congress says it's not rehabilitation. But to the extent the Bureau of Prisons has sex offender treatment, the judgment will say I recommend that you be placed in a facility where you can undertake that." It concluded by ordering that the sentence be served concurrent with the undischarged portion of the sentence that Melanson was serving on the state charge.

Melanson argues that his sentence is substantively unreasonable, imposed as it was upon a 53-year-old offender whose prior criminal history was unrelated to the conduct that resulted in the federal charges, rendering (in Melanson's eyes, at least) him a first-time offender. He asserts that the district court abused its discretion because it "fundamentally sentenced him on the basis of [its] personal outrage at Melanson's offense conduct," that it did not take into account Melanson's age and

uncontested low risk of recidivism, that it ignored the disparity with the sentence in a comparable case, and that it improperly considered Melanson's need for rehabilitation and treatment as a factor in determining the length of the sentence.

We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)); see also Gall, 552 U.S. at 59 (noting that the range of choice dictated by the facts of a case was significantly broadened after the guidelines became advisory).

We conclude that our above-set-forth recitation of the district court's sentencing explanation carries with it a refutation of Melanson's disparity and recidivism arguments. As for the alleged outrage-based sentencing determination allegation, we agree that the sentencing transcript reflects the district court's deeply felt thoughts regarding Melanson's repeated travels to Guatemala to prey upon his vulnerable victims in that poverty-stricken place. While a sentence must not be imposed out of unrestrained emotion, a sentencing court should not be required to view with dispassionate aplomb that which all would consider to be repellent, predatory conduct. Accordingly, we reject the argument that the district court's sentence in this case was other than the result of a careful, systematic analysis of that which was needed and appropriate in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Likewise, we conclude that the district court's discussion of Melanson's need for and amenability to sex offender treatment did not result in a sentence that was imposed or lengthened to promote Melanson's rehabilitation, but rather reflected its

desire that Melanson be placed in a facility that would provide him with such treatment. As the United States Supreme Court said in Tapia v. United States, 564 U.S. 319, 333 (2011), "a court may urge the BOP to place an offender in a prison treatment program," which is what the district court did in United States v. Rickert, 685 F. 3d 760, 769 (8th Cir. 2012), and what the district court did here.

The sentence is not unreasonable, and it is therefore affirmed.

_____