# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1537

_____

United States of America

*Plaintiff - Appellee*

v.

Jimmy David McVay, also known as Lil Dave

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2020
Filed: March 27, 2020
[Unpublished]

_____

Before KELLY, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jimmy McVay pleaded guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), in exchange for dismissal of charges that he attempted to

intimidate witnesses and threatened to assault a federal officer. The district court[1] varied upward from McVay's Sentencing Guidelines range and sentenced him to 120 months in prison. McVay argues his sentence is substantively unreasonable because the court sentenced him based on emotion and placed too much weight on his criminal history. We affirm.

We review sentences under "a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A court abuses its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Foy, 617 F.3d 1029, 1036 (8th Cir. 2010) (citation omitted). "In considering the extent of a variance, we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. (citation omitted). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

The district court's Guidelines calculation recommended a sentence between 51 and 63 months in prison. The court did not believe that was sufficient and varied upward under the § 3553(a) factors, sentencing McVay to 120 months in prison. McVay contends that some of the court's statements at sentencing show that his punishment was based on improper emotion. For example, the court noted that McVay had violated its "damn fool rule." "Although a sentence must not be imposed out of unrestrained emotion, sentencing courts are not expected to be emotionless." United States v. Mitteness, 893 F.3d 1091, 1097 (8th Cir. 2018) (citation omitted).

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Here, the court's statements expressed how it viewed McVay's recidivism or were tied to courtroom management. Our review of the record shows no reliance on improper, emotionally charged factors.

Instead, the court based its sentence on the proper § 3553(a) factors. At sentencing, the court overruled McVay's objections to the PSR's summaries of various jailhouse calls following a federal agent's testimony. The agent testified that during jailhouse calls McVay expressed a desire to shoot investigators in the face and harm their family members. McVay also attempted to find where investigators lived. The court considered McVay's criminal history and observed that "he has been committing crime consistently since the age of 17 and he is 31." Sent. Tr. 86:1–3. The court concluded that McVay had no respect for the law and that no previous punishment had deterred him from committing crime. Contrary to McVay's assertion, the court did not give undue weight to any one factor. Instead, it gave some factors more weight than McVay would prefer, which is not error. United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010). We find no abuse of discretion and McVay's sentence is affirmed.

_____