# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3723

_____

United States of America

*Plaintiff - Appellee*

v.

Arrion Marcus West, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 22, 2021
Filed: February 3, 2022
[Unpublished]

_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Arrion West pled guilty to two counts of sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2). The district court[1] sentenced him to a substantially below-guidelines term of 210 months' imprisonment. West appeals,

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

contending the district court erred in applying enhancements for undue influence, U.S.S.G. § 2G1.3(b)(2)(B), physical restraint, U.S.S.G. § 3A1.3, and engaging in a pattern of prohibited sexual conduct, U.S.S.G. § 4B1.5(b)(1).  We affirm.

We review the district court's application of the sentencing guidelines *de novo* and any underlying factual findings for clear error.  United States v. Miller, 11 F.4th 944, 955 (8th Cir. 2021).  The facts in the Presentence Investigation Report are undisputed.  At minimum, the record supports the conclusion that West exerted undue influence over Minor Victim D, whom he provided with marijuana and repeatedly assaulted.  See United States v. Carter, 960 F.3d 1007, 1011 (8th Cir. 2020) (affirming undue influence enhancement where sex trafficking defendant nine years older than victim physically and emotionally abused her).[2]  West also forcibly restrained Minor Victim D when he prevented her from leaving a hotel room by grabbing her around the neck.  See United States v. Davenport, 910 F.3d 1076, 1082-83 (8th Cir. 2018) (upholding physical restraint enhancement where defendant's conduct "restricted [the victim's] freedom of movement and prevented her from leaving").  The pattern of prohibited sexual conduct enhancement was warranted because the minor victims collectively performed more than 100 commercial sex acts at West's direction.  See United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013) (counting each instance of prohibited sexual activity with the same minor).  The district court properly applied the sentencing enhancements.

West's double counting arguments are without merit.  The undue influence enhancement accounted for harm distinct from the base offense conduct involved in child sex trafficking under 18 U.S.C. § 1591(b)(2).  See United States v. Mitteness, 893 F.3d 1091, 1096 (8th Cir. 2018) (explaining that "as long as the undue-influence enhancement accounts for a separate harm, the enhancement . . . may still apply").  In addition, the pattern of prohibited sexual conduct enhancement specifically envisions a double counting result by imposing an increase of five levels "plus" the

---

[2]We need not address whether West unduly influenced Minor Victim B because even if he did not, the guidelines range would have remained the same due to the multiple count grouping rules.  See U.S.S.G. § 3D1.4.

offense level calculation arrived at from applying chapters two and three of the guidelines.  U.S.S.G. § 4B1.5(b)(1); see also United States v. Chapman, 614 F.3d 810, 812 (8th Cir. 2010) ("[D]ouble counting is permissible if the Sentencing Commission so intended and each guideline section furthers an independent purpose of sentencing."); United States v. Bise, 610 F. App'x 587, 588 (8th Cir. 2015) (unpublished per curiam) (finding no double counting where district court applied a multiple count adjustment and a pattern of prohibited sexual conduct enhancement).

We affirm the judgment of the district court.

_____