# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2140
_____

United States of America

*Plaintiff - Appellee*

v.

Willie Traymone Phillips

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: March 16, 2023
Filed: July 14, 2023
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In September 2021, Willie T. Phillips pled guilty to unlawfully possessing a firearm as a felon and to possessing a controlled substance after two or more prior drug convictions. The district court[1] imposed a 137-month prison sentence. Phillips

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

appeals, arguing the district court procedurally erred by imposing a four-level enhancement under § 2K2.1(b)(6)(B) of the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") for possessing a firearm in connection with another felony offense. We affirm.

## I. Background

In August 2020, an Iowa State Trooper conducted a traffic stop of a vehicle driven by Phillips. As the trooper approached the vehicle and requested Phillips's identification, he observed Phillips reaching back and rummaging through a black bag in the back seat of the vehicle. After baggies fell out of the bag, Phillips denied having any knowledge about the baggies, then sped off as the trooper was moving around to the driver's side of the vehicle. Law enforcement pursued Phillips. Eventually, Phillips's vehicle crossed a median and struck a tree. Phillips attempted to flee on foot, but a trooper apprehended him. Law enforcement then searched the vehicle and found a sawed-off 12-gauge firearm on the dashboard. They also found ammunition for the firearm, drug paraphernalia, two digital scales, baggies containing a detectable amount of methamphetamine, a baggie containing K2, a baggie containing cocaine, and four electronic cigarette cartridges containing THC.

Phillips pled guilty to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 922(g)(3) and to possessing a controlled substance after two or more prior drug convictions in violation of 21 U.S.C. §§ 844 and 851. With a calculated total offense level of 25 and a criminal history category of VI, the Guidelines recommended sentencing range for Phillips was 110 to 137 months of imprisonment. The total offense level was higher than it otherwise would have been because the district court applied the U.S.S.G. § 2K2.1(b)(6)(B) four-level enhancement based on the connection between the firearm found on the dashboard and the drug possession. The district court imposed a 137-month sentence. Phillips now appeals this sentence.

## II. Analysis

"We apply de novo review to any legal conclusions the district court reached in applying an enhancement, and review for clear error any factual findings supporting an enhancement." *United States v. Gibson*, 840 F.3d 512, 514 (8th Cir. 2016). The clear error standard applies to the "district court's finding that a defendant possessed a firearm in connection with another felony offense." *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020).

Phillips challenges the application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), arguing the district court used the wrong standard. Phillips contends the district court should have used the "facilitate" standard articulated in Application Note 14(A) to § 2K2.1, but instead used a "clearly improbable" standard that applies to enhancements under U.S.S.G. § 2D1.1(b)(1). Although we agree the district court articulated the wrong standard, the error was harmless.

In determining the offense level for unlawful possession of a firearm, U.S.S.G. § 2K2.1(b)(6)(B) directs that an increase of four levels should be instituted "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense. . . ." Application Note 14(A) explains that a defendant uses or possesses a firearm in connection with another felony offense when "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." This is different than the standard used to apply the two-level increase to the offense level under U.S.S.G. § 2D1.1(b)(1), which is warranted if a firearm is present in a drug *trafficking* offense "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n.11(A). When the underlying felony offense is a simple drug possession, as opposed to one for drug trafficking, a district court must find a connection under the Application Note 14(A) standard in order to apply the § 2K2.1(b)(6)(B) four-level increase. *See United States v. Dalton*, 557 F.3d 586, 588 (8th Cir. 2009); *United States v. Blankenship*, 552 F.3d 703, 706 (8th Cir. 2009).

Here, Phillips's offense was a drug possession offense, not a trafficking offense. Despite this, the district court used the language of § 2D1.1, not the "facilitate" language of § 2K2.1, when it stated "that it is *not clearly unlikely* the defendant possessed the firearms in furtherance of his felony possession of controlled substances." This was an error.

Our review of the record, however, convinces us this error was harmless. A district court's failure to affirmatively apply the Application Note 14(A) standard is harmless when the district court finds a connection between the firearm and the illegal drug possession and the finding is supported by the record. *See United States v. Fuentes Torres*, 529 F.3d 825, 828 (8th Cir. 2008).

Here, as in *Fuentes Torres*, the district court overruled Phillips's objection to the relevant paragraph of the PSR, "thereby adopting the 'in connection with' finding recommended in that paragraph." 529 F.3d at 828. And there exists enough evidence in the record to support the connection between the firearm and the possession of the illegal drugs so as to apply the § 2K2.1(b)(6)(B) enhancement. The firearm and the illegal drugs were both found within the passenger compartment of Phillips's vehicle. While spatial proximity alone is not sufficient to satisfy the connection requirement, *see Dalton*, 557 F.3d at 588; *United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014), the district court explained the sawed-off shotgun was in the vehicle "to protect something . . . in [its] view, the felony quantities of controlled substances that he possessed." The district court also found that the scales in the vehicle revealed the firearm was possessed "in connection with the possible distribution of controlled substances." Considering these findings relating to the connection between the firearm and the illegal drugs found together in Phillips's vehicle, we conclude the "facilitate" standard was satisfied.

## III. Conclusion

As we have previously stated, we "strongly encourage district courts to make clear they are applying the proper § 2K2.1(b)(6)(B) standard with an explicit

'facilitate' finding." *Sneed*, 742 F.3d at 344. However, based on the district court's other findings, we conclude the district court's error was harmless. Thus, we affirm the judgment of the district court.

_____